Of Counsel:
Law Office of Roman F. Amaguin
Attorney At Law

ROMAN F. AMAGUIN          6610
345 Queen Street
Suite 504
Honolulu, Hawaii 96813
Telephone:  (808) 545-4151
roman@amaguinlaw.com

Attorney for Plaintiff

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2019 FEB -6  AM 10: 59

J. KUGO
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

19-1-0209-02          BIA

| | |
|---|---|
| CARMEN GOMES, | CIVIL NO. _____ |
| | (Other Non Vehicle Tort) |
| Plaintiff, | |
| | **COMPLAINT; JURY DEMAND;** |
| | **SUMMONS** |
| vs. | |
| | |
| | |
| C&S WHOLESALE GROCERS, | |
| | |
| Defendant. | |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, First Circuit, State of Hawaii

## COMPLAINT

Plaintiff CARMEN GOMES (hereinafter "Plaintiff"), by and through her

attorney, complains against the above-named Defendant C&S WHOLESALE

GROCERS ("Defendant" or the "Employer"), and alleges and avers as follows:

## PARTIES

1.      During the relevant time frame Plaintiff was a citizen of Honolulu,

## EXHIBIT A

Hawai'i.

2.      Defendant is a company organized under the laws of the State of

Hawai'i, with its principal place of business located in Honolulu, Hawai'i.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over the matter pursuant to HRS § 603-

21.5(3) and § 634-35.

4.      Pursuant to HRS § 603-36(5) venue is proper in this circuit.  The

Defendant employer has operations and is based out of Honolulu, Hawaii.  The

acts about which Plaintiff complains, including but not limited to approval of

decisions affecting her terms and conditions of employment and termination

occurred in the City and County of Honolulu.

5.      The Court has jurisdiction over Defendants pursuant to HRS §

634-35 as Defendant engaged in acts and made decisions in the City and

County of Honolulu that resulted in damages and/or injury to Plaintiff.

6.      All conditions prerequisite for the filing of a lawsuit alleging the

claims for relief have been satisfied.

## FACTS

7.      Plaintiff is 73 years of age and of Filipino ancestry.  Plaintiff has

extensive experience in the food and grocery sales industry.

8.      Plaintiff worked for the same company for 30 years.  C&S

Wholesale Grocers had purchased the Company from its former owner, Hansen

Distribution, around March 2015.  Hansen Distribution had originally hired

2

Plaintiff in 1987.

9.     On or around February 23, 2018, Plaintiff was terminated by the new owner, Defendant C&S Wholesale Grocers, for an alleged violation of rules, which Defendant alleged occurred over two years prior.

10.    At the time of her termination Plaintiff had worked there for 30 years and was a Customer Service Supervisor.

11.    Prior to her termination on February 23, 2018, Plaintiff neither had disciplinary nor performance problems with the Company.

12.    Plaintiff had performed her job at a high level for 30 years.

13.    On or around February 9, 2018, Plaintiff was asked to meet with Randall Mack (Manager Safety and Security) (Caucasian, younger in age), Tracey Deiner (HR Supervisor) and Catherine Conafray (Customer Service Manager).

14.    Mack became the Manager Safety and Security sometime after Defendant had purchased the Company from Hansen Distribution in 2015.

15.    Upon meeting with Mack, Deiner, and Conafray, Mack asked Plaintiff why she had entered an order on December 29, 2016, which was to be invoiced to "Sierra Meat," with special instructions to give "Annie Torda" one piece of the ribeye.

16.    Plaintiff recalled that she was instructed by her supervisor, Jodi Davidson Minamishin (Caucasian, younger in age), to process the invoice.

17.   Plaintiff further recalled that on or around December 22, 2016, Jodi Minamishin had asked Plaintiff to charge "one piece of item 111043", ribeye, to "Sierra Meat & Seafood".

18.   The individual from Sierra Meat & Seafood that made the request, "Jim," wanted to order it as a gift to "Annie Torda." Annie was an accounts payable clerk for Hansen at that time and worked a lot with Sierra Meat & Seafood, a vendor.

19.   When Plaintiff was instructed to perform the transaction, she was informed that Sierra Meat & Seafood said it would pay and it in fact did pay for the meat, which totaled $374.55.

20.   Once the order went through and processed in Kapolei where Plaintiff worked the meat was distributed at the Pearl City location at "Will Call."

21.   The invoice itself appears to have been signed for and picked up by "Annie Torda" as intended by Sierra Meat & Seafood and Plaintiff's supervisor, Jodi Davidson Minamishin, the supervisor that instructed Plaintiff to make the transaction.

22.   Plaintiff told Mack everything she knew about the transaction during that February 9, 2018, interview. Plaintiff was unaware that she did anything wrong or violated any policy in that she simply followed her supervisor's instructions. There was no monetary loss to the Company.

23.    On February 23, 2018, Plaintiff was told that her employment had been terminated.  However, Plaintiff neither intended to violate or in fact violated any company policy.  In addition, there was no loss to the Company, in contrast to other incidents that occurred at the Company.

24.    Similarly-situated employees outside of Plaintiff's protected classes, an older Filipino employee, with 30 years of incident-free service, were not treated like she was.  There are numerous examples of employees outside of Plaintiff's protected classes placing incorrect orders of items, which have resulted in monetary losses to the Company.

25.    There are also numerous examples of discontinued products being ordered by employees outside of Plaintiff's protected classes, which has resulted in monetary losses to the Company.

26.    There are numerous examples of employees outside of Plaintiff's protected classes transporting products to incorrect locations, both by plane and by truck, resulting in monetary losses to the Company.

27.    There are numerous examples of accounting discrepancies performed by employees outside of Plaintiff's protected classes that have resulted in monetary losses to the Company and large amounts of inventory simply disappearing at a loss to the Company.

28.    These transactions/incidents did not result in termination of the employees (who were outside Plaintiff's protected classes-older, 72 years of age, Filipino) that caused the transaction/incident.

29.     Plaintiff's supposed violation" resulted in no monetary loss to the

Company and occurred over one year and several months before Plaintiff's

termination.

30.     Other employees outside of Plaintiff's protected classes were not

treated in the same manner as Plaintiff.

## CLAIMS

### COUNT I – VIOLATION OF HRS CHAPTER 378 (AGE DISCRIMINATION)

31.     For her Count I against Defendant, Plaintiff re-alleges and

incorporates herein all of the foregoing paragraphs of this Complaint.

32.     HRS § 378-2(a)(1)(A) provides in relevant part:

It shall be an unlawful discriminatory practice:

(1) Because of race, sex, sexual orientation, **age**, religion, color,
ancestry, disability, marital status, or arrest and court record:

(A) For any employer to refuse to hire or employ or to bar or
discharge from employment, or otherwise to discriminate against
any individual in compensation or in the terms, conditions, or
privileges of employment[.]

HRS § 378-2(a)(1)(A) (emphasis supplied).

33.     Under the Hawaii Employment Practices Act, HRS Chapter 378,

covered employers like Defendant are prohibited from discriminating in public

and private employment on the basis of "age."

34.     Defendant discriminated against Plaintiff in violation of HRS

Chapter 378 during her employment and when it terminated her due to age.

35.     Plaintiff was around 72 years of age and worked for the Company

6

for 30 years when the new Manager of Safety and Security, Randall Mack, accused her without any factual basis of violating company policy.

36.    Similarly-situated employees were not treated in the same manner as Plaintiff and Defendant's explanation for the termination decision was pretext for an illegal motive.

37.    There are numerous examples of employees outside of Plaintiff's protected class, placing incorrect orders of items, which have resulted in monetary losses to the Company.

38.    There are also numerous examples of discontinued products being ordered by employees outside of Plaintiff's protected class, which has resulted in monetary losses to the Company.

39.    There are numerous examples of employees outside of Plaintiff's protected class transporting products to incorrect locations, both by plane and by truck, resulting in monetary losses to the Company.

40.    There are numerous examples of accounting discrepancies performed by employees outside of Plaintiff's protected class that have resulted in monetary losses to the Company and large amounts of inventory simply disappearing at a loss to the Company.

41.    These transactions/incidents did not result in termination of the employees (who were outside Plaintiff's protected classes-older, 72 years of age, Filipino) that caused the transaction/incident.

42.    Plaintiff's supposed "violation" resulted in no monetary loss to the Company and occurred over one year and several months before Plaintiff's termination.

43.    As a direct and proximate result of said acts, Plaintiff suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer physical and psychological pain and suffering, distress, humiliation, great expense, embarrassment, and damage to her reputation.

44.    Defendant's acts and/or omissions were willful, wanton, outrageous and oppressive and were done with callous indifference to Plaintiff's present and future ability to earn a living and therefore Plaintiff is also entitled to punitive and exemplary damages from Defendant in an amount to be proven at trial.

### COUNT II - VIOLATION OF HRS CHAPTER 378 (ANCESTRY DISCRIMINATION)

45.    For her Count II against Defendant, Plaintiff re-alleges and incorporates by herein all of the foregoing paragraphs of this Complaint.

46.    HRS § 378-2(a)(1)(A) provides in relevant part:

It shall be an unlawful discriminatory practice:

(1) Because of race, sex, sexual orientation, age, religion, color, **ancestry**, disability, marital status, or arrest and court record[]:

(A) For any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment[.]

HRS § 378-2(a)(1)(A) (emphasis supplied).

47.     Under the Hawaii Employment Practices Act, HRS Chapter 378, covered employers like Defendant are prohibited from discriminating in public and private employment on the basis of "ancestry."

48.     As set forth above, during the course of Plaintiff's employment with Defendant, Plaintiff was subjected to adverse action, ultimately the termination of her employment, because of Plaintiff's ancestry, Filipino. At the time of her termination Plaintiff was also 72 years of age. Such actions violated the law, HRS Chapter 378.

49.     As set forth herein similarly-situated employees were not treated in the same manner as Plaintiff and Defendant's explanation for the termination decision was pretext for an illegal motive.

50.     As a proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer job insecurity, loss of earnings and benefits, humiliation, emotional distress, and mental and physical anguish all to her damage in an amount to be proven at trial.

51.     Defendant's acts and/or omissions were willful, wanton, outrageous and oppressive and were done with callous indifference to Plaintiff's present and future ability to earn a living and therefore Plaintiff is also entitled to punitive and exemplary damages from Defendant in an amount to be proven at trial.

Wherefore, Plaintiff prays this Court grant judgment in her favor over

and against Defendant, and award damages to Plaintiff, including special

damages, back pay and future loss of earnings, compensatory damages,

liquidated damages, attorneys' fees, prejudgment interest, and punitive

damages in an amount deemed sufficient to punish Defendant for its actions;

costs of this action; and such other and further relief as this Court may deem

just and proper.

DATED:  Honolulu, Hawai`i, February 6, 2019.


ROMAN F. AMAGUIN
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | | |
|---|---|---|
| CARMEN GOMES, | ) | CIVIL NO. ___19-1-^209-02___ |
| | ) | (Other Non Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | **JURY DEMAND** |
| vs. | ) | |
| | ) | |
| | ) | |
| C&S WHOLESALE GROCERS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Plaintiff demands a jury trial on all issues triable by

a jury

DATED: Honolulu, Hawaii, February 6, 2019,

_____
Roman Amaguin
Attorney for Plaintiff

| STATE OF HAWAI'I CIRCUIT COURT OF THE FIRST CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER 19-1-0209-02 |
|---|---|---|
| **PLAINTIFF,** Carmen Gomes | VS. | **DEFENDANT.** C&S Wholesale Grocers |

**PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)**

Roman Amaguin, Esq.
345 Queen Street #504
Honolulu, Hawaii 96813
808 271 1088

## TO THE ABOVE-NAMED DEFENDANT(S)

You are hereby summoned and required to file with the court and serve upon

Roman Amaguin, Esq.

_____ ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| DATE ISSUED FEB 0 6 2019 | CLERK | J. KUBO  SEAL FIRST CIRCUIT COURT STATE OF HAWAII | |
|---|---|---|---|
| I do hereby certify that this is full, true, and correct copy of the original on file in this office | | Circuit Court Clerk | |

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the First Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4322, or TTY 539-4853, at least ten (10) working days prior to your hearing or appointment date.

Reprographics (07/11)  RovaComm 508 Certified                                    SUMMONS TO ANSWER CIVIL COMPLAINT 1C-P-787